UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA J. FOFANA,<br><br>                       Plaintiff,<br><br>-against-<br><br>UNITED STATES OF AMERICA;<br>FEDERAL BUREAU OF INVESTIGATION;<br>UNITED STATES MARSHALS;<br>DEPARTMENT OF JUSTICE; GOVERNOR<br>JARED POLIS,<br><br>                       Defendants. | 25-CV-3581 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff, who resides in Denver, Colorado, brings this *pro se* action asserting federal constitutional claims and claims under the Federal Tort Claims Act ("FTCA"). Named as Defendants are the United States, Federal Bureau of Investigation ("FBI"), United States Marshals Service ("USMS"), Department of Justice ("DOJ"), and Colorado Governor Jared Polis. For the following reasons, this action is transferred to the United States District Court for the District of Colorado.

## DISCUSSION

       Venue for a civil action asserting constitutional claims against a federal officer or agency lies:

> in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1).

With respect to Plaintiff's claims under the FTCA, they must be brought "in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated her rights "in several states" across the country including Colorado, Missouri, Utah, and the District of Columbia. (ECF 2, at 5.) Plaintiff seems to suggest that at least one of the many events described in the complaint may have occurred in this District. The majority of events, however, appear to have occurred in Colorado. Venue for her constitutional claims and FTCA claims is therefore proper under Section 1391(e)(1)(B) and Section 1402(b) in the District of Colorado. *See* 28 U.S.C. § 85 (the State of Colorado constitutes a single judicial district). Venue may also be proper under Section 1391(e)(1)(B) and Section 1402(b) in this District, and districts in Missouri, Utah, and the District of Columbia.

Plaintiff does not plead the residents of any of the defendants, but the United States, FBI, USMS, and DOJ can be considered to reside in every judicial district in the nation. Polis, as governor of Colorado, is a resident of that state. Venue for Plaintiff's constitutional claims is therefore proper under Section 1391(e)(1)(A) in the District of Colorado, and every other district in the nation. Finally, because Plaintiff resides in Colorado, venue for both her constitutional claims and FTCA claims is also proper in the District of Colorado under Sections 1391(e)(1)(C) and 1402(b).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. Plaintiff and all defendants reside in Colorado, where a substantial part of the events occurred, and it is reasonable to expect that relevant documents and witnesses are also in Colorado. Venue is therefore proper in the District of Colorado for Plaintiff's constitutional claims and her claims under the FTCA, *see* 28 U.S.C. §§ 1391(e)(1)(A)-(C); 1402(b), and that district appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the District of Colorado. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Colorado. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 5, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                        Chief United States District Judge